ROSA, PLAINTIFF AND RESPONDENT, *v.* NEW YORK AND PORTO RICO STEAMSHIP COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an action for damages caused by negligence.

No. 1013.—Decided May 22, 1914.

LIABILITY OF EMPLOYER — ACTION FOR DAMAGES — ESSENTIAL ALLEGATIONS OF COMPLAINT.—A complaint in an action for damages based on subdivision 1 of section 1 of the Employers' Liability Act of March 1, 1901, should con-

tain the following essential allegations: 1. That the relation of employer and employee exists between the plaintiff and the defendant; 2. That when the employee received the injury he was working within the sphere of his occupation; 3. That the employee exercised proper care and diligence; 4. That the proximate cause of the accident was a defect in the ways, works, or machinery of the defendant; 5. That the defect originated or was not discovered or remedied owing to the negligence of the employer or of some person in his service entrusted by him with the duty of seeing that the ways, works, or machinery were in good condition. After an examination of the complaint in this case it was held that it did not state a cause of action because the allegation stated above under No. 5 was omitted.

ID.—PROXIMATE CAUSE OF ACCIDENT—NEGLIGENCE.—The allegation in a complaint that the proximate cause of the accident was due to the bad condition or insecurity of the hatches and strong-backs of the holds where the plaintiff was working, which were worn by long and constant use, does not supply the omission in the complaint of the allegation that the defect originated or was not discovered or remedied owing to the negligence of the employer or of some person in his service entrusted with the duty of seeing that the hatches and strong-backs were in good condition. .

The facts are stated in the opinion.

Mr. *Luis Janer Landrón* for the respondent.

Mr. *N. B. K. Pettingill* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action based on the act relating to the liability of employers for injuries sustained by their employees while in their service, approved March 1, 1901, as amended by Act No. 69 of March 13, 1913, and it was brought in the District Court for the Judicial District of Mayagüez on April 15, 1913, by Augusto Rosa against the New York and Porto Rico Steamship Company with the object of securing a judgment against the defendant for an indemnity in the sum of $1,000 with interest thereon at the rate of 6 per cent per annum from June 27, 1912, together with costs and attorney's fees. ·

The fundamental allegations of the complaint are the following:

*First.* That on May 27, 1912, the defendant was a maritime corporation duly organized and authorized to do business in this Island, and that on the said date the plaintiff was an employee of the said company.

*Second.* That on the said date the plaintiff was working on board the steamship *Pathfinder* belonging to the defendant, which was then anchored in the port of Mayagüez engaged in loading and discharging cargo, and while he was closing the hatchway of hold No. 3 of the said steamer the hatch on which he was working with all the care and diligence which the circumstances required, slipped off and he fell with it to the bottom of hold No. 3 (a depth of five meters more or less) and as a consequence of the fall he received serious bodily injuries in the thoracic and lumbar regions and also a contusion on the left leg.

*Third.* That as a result of the injuries received the plaintiff was confined to his bed for abount twenty days suffering intense and acute pains and, besides, was absolutely unable to do any work for about five months and did not earn a cent for the support of his family during that time.

*Fourth.* That the act which caused the injuries was not due to any negligence on the part of the plaintiff, but was the result of the bad condition or insecurity of the hatches and strong-backs of the hold where he was working, they being worn by long and constant use.

*Fifth.* That the plaintiff is still affected by the injuries received and is unable to devote all his strength and energy to his work, in which condition he will continue for a long time, and he calculates the damages suffered at about $1,000.

In its answer to the complaint the defendant company admitted the first allegation and also the second except in the part which alleged that when the accident occurred the plaintiff was working with all the care and diligence which the circumstances required, and it denied the third, fourth and fifth allegations. As a special defense the defendant alleged that the said accident occurred through the negligence and lack of care of the plaintiff himself; that it was one of the risks of the employment which the plaintiff assumed, and that prior to the accident he knew the condition of the hatches and strong-backs of the hold. The defendant concluded by

alleging that the complaint does not state facts sufficient to constitute a cause of action.

By a stipulation of May 19, 1913, the parties submitted the case to the decision of the court on the same evidence which was introduced at another trial held on December 6, 1912, between the same parties for the same cause of action, which suit had terminated in a judgment of the court holding that it was without jurisdiction because the amount sued for did not exceed $500 and reserving to the plaintiff any right he might have to bring an action in the proper manner— a .right which he exercised in the present case in which he claimed the sum of $1,000 as an indemnity.

In accordance with the said stipulation and taking as a basis the evidence introduced at the former trial held on December 6, 1912, as appears from the record and the stenographer's notes, the court rendered judgment on May 31 of last year declaring the law and the facts to be in favor of the plaintiff and against the steamship company, and decreeing in consequence that the New York and Porto Rico Steamship Company, the defendant, pay to the plaintiff, Augusto Rosa, as an indemnity for the damages suffered, the sum of $400 with lawful interest thereon from the date of the filing of the complaint in the present case, without special imposition of costs.

That judgment was appealed from to this court by the attorney for the defendant, and among other grounds alleged in support of the appeal he contends that the court committed error in holding that the complaint, as finally amended, stated facts sufficient to constitute a cause of action.

Let us consider the said error in the light of the law governing the liability of employers.

The liability which the plaintiff attempts to impose upon the defendant company is clearly founded on subdivision 1 of section 1 of the Act in relation to the Liability of Employers of March 1, 1901, and not on subdivisions 2 and 3, for these refer to injuries from accidents caused by the negligence

of any person in the service of the employer. Subdivision 1 refers to an injury received "By reason of any defect in the condition of the ways, works, or machinery, connected with or used in the business of the employer, which (*si el* DAÑO) arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and entrusted by him with the duty of seeing that the ways, works, or machinery, were in proper condition."

It will be seen that the word "*daño*" (injury) which we have capitalized should be substituted by the word "defect" for a correct translation of the English text.

Pursuant to subdivision 1 of section 1 of the Act in relation to the Liability of Employers, the essential allegations of a complaint based on the said subdivision are the following:

*First.* That the relation of employer and employee existed between the plaintiff and the defendant.

*Second.* That when the employee received the injury he was working within the sphere of his employment.

*Third.* That the employee exercised due care and diligence.

*Fourth.* That the direct cause of the accident was a defect in the condition of the ways, works, or machinery, used in the business of the employer.

*Fifth.* That the defect originated or had not been discovered or remedied owing to the negligence of the employer or of any person in his service entrusted by him with the duty of keeping the ways, works, or machinery in good condition.

In the case of *Márquez* v. *New York and Porto Rico Steamship Company,* 17 P. R. R., 521, this court said:

"The complaint shows from its allegations that the relation of master and servant, or employer and employe, existed between the parties, and alleges that plaintiff was, at the moment of the accident, in the exercise of due care; but it fails to allege any negligence of the defendant corresponding to any of the provisions of either of

the three subheads of section 322 of the Insular statute. Subheads 2 and 3 treat of negligence on the part of defendant's agents. There is no mention of, or reference to, any agent in the complaint, so the subhead to be applied is that numbered 1. This refers to 'defects in the condition of the ways, works, or machinery connected with or used in the business of the employer.' Holding that a hatch cover, being one of the necessary appliances employed in the business of the defendant, comes within the description used in the statute under the name of 'machinery,' it must be observed that the act is further limited in its terms by the words which follow those above quoted, 'which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person,' etc. As there is no allegation pretending to state by whose negligence this defective condition or placing of the planks on the cover of the hatchway 'arose or had not been discovered or remedied,' it must be taken that the complaint thereby fails to state a case coming within the Employers' Liability Act of Porto Rico."

Considering, then, the allegations of the complaint in connection with the statute applicable to the case and the doctrine laid down in the case of *Márquez* v. *New York and Porto Rico Steamship Company, supra,* we must conclude that the complaint alleges all the essential facts required in cases of this character except that the defect originated or had not been discovered or remedied owing to the negligence of the the employer or of any person in his service entrusted by him with the duty of keeping the hatches and strong-backs of the hold where the plaintiff was working in good condition.

By the lack of such an allegation the facts stated in the complaint do not constitute a cause of action.

And that allegation is very important because, as commentator Labatt says in his work on Master and Servant, volume 5, page 5176, paragraph 1677:

"The qualifying declaration in this statute, by which liability is excluded unless negligence can be predicated of the failure to discover and remedy the defect which caused the injury, merely embodies, so far as the employer himself is concerned, the common-law doctrine that negligence can be imputed to a person who is not

shown to have had actual or constructive knowledge of the abnormally dangerous conditions from which the injury resulted    *    *    *.

"The servant cannot succeed in his action where neither the employer himself nor his representative within the meaning of this subsection had knowledge, actual or constructive, of the existence of the defect which caused the injury, nor where there was no reason to apprehend the particular casualty which occurred.

"On the other hand, the servant is entitled to recover if the master himself, or an employee, might by the exercise of proper care have discovered the defect in question."

The allegation that the proximate cause of the accident was due to the bad condition and the insecurity of the hatches and strong-backs of the hold where the plaintiff was working, which were worn by long and constant use, is not sufficient alone to warrant the inference that the defect originated or had not been discovered or remedied owing to the negligence of the employer or of any person in his service whose duty it was to keep the hatches and strong-backs in good condition.

Nor after considering the evidence introduced at the trial can we reach the conclusion that the said evidence supplied the omission in the complaint by proving that the defect originated or had not been discovered or remedied owing to the negligence of the defendant company or of the person entrusted with that duty.

The lower court finds the following facts to have been proven:

"That at about 3 p. m. on May 27, 1912, the plaintiff, Augusto Rosa, was working as a salaried employee of the defendant company on the steamship *Pathfinder* belonging to the said defendant company which was anchored in the port of Mayagüez engaged in discharging cargo; that then and there because of a downpour of rain, the plaintiff, as such employee, was ordered to put the hatches on the hatchway of hold number three of the said steamer; that in compliance with the orders received, the plaintiff, Augusto Rosa, began his work and placed the hatches on the hatchway marked number one, that then he put on hatch number two and that when placing

the last hatch, or number three, the plaintiff stood upon hatch number two near the part which fits into the center strong-back upon which the said hatches rest; that standing in said place upon hatch number two, in stooping forward to grasp hatch number three to put it in place, the plaintiff heard a noise like the creaking of timber and the hatch on which he was standing tipped over, immediately precipitating the plaintiff to the bottom of the hold of the ship where he received certain wounds on the right thigh and renal region of the same side, causing him to discharge blood with his urine which showed that he had received an injury in the kidney, thereby producing lumbago and lameness for some time; that his injuries were treated by Dr. Perea Fajardo who advised him not to work for about three months in order to recover from the injuries he had received.

"That the plaintiff earned at his work and for his subsistence sixteen cents an hour for labor similar to that which he was then doing on the steamship *Pathfinder* belonging to the defendant company.

"That the plaintiff, Augusto Rosa, is accustomed to the work of putting hatches on hatchways of holds and had done this work about sixty times before and had never met with any accident; that in order to place hatch number three on the hatchway the plaintiff, Augusto Rosa, was necessarily obliged to stand where he did—that is, on hatch number two; that the hatches used to close the hatchway were worn with use and that the strong-back on which hatch number three rested was shaky.

"That the plaintiff Augusto Rosa, received a violent blow which caused him to lose consciousness at first and afterwards caused him physical suffering and the loss of remunerative labor.

"That the plaintiff, Augusto Rosa, exercised due care and diligence in his work and did what he was ordered to do in the ordinary and usual manner and in the only way and manner in which said work could be done."

Accepting the findings of fact set out by the judge in his opinion as a basis for the application of the law, we cannot deduce necessarily that the defective condition of the hatches and strong-backs of the hold where the plaintiff was working was due to or was not discovered or remedied owing to the negligence of the employer or of the corresponding employee. The fact that the hatches were old and that the strong-backs were shaky is not alone sufficient to show the negligence re-

quired by law. The complaint should have been more comprehensive, tending to show that the defendant company had actual or constructive knowledge of the defect which caused the accident. It has not even been attempted to ascertain whether the company had any employee entrusted with the inspection of the hatches and strong-backs of the hold.

For the foregoing reasons we are of the opinion that the judgment appealed from should be reversed and a new trial ordered, allowing the plaintiff to amend his complaint by including the allegations necessary to constitute a cause of action against the defendant.

> *Reversed and case remanded for a new trial, plaintiff to be allowed to amend his complaint.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.